UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 5:01-CR-38

UNITED STATES, PLAINTIFF,

v. **OPINION AND ORDER**

DAVY E. STEWART, DEFENDANT.

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the Court on defendant Davy Stewart's motion (DE 132) to reduce his sentence by one year because he successfully completed the Residential Drug Abuse Program (RDAP), which is the Bureau of Prison's most intensive substance abuse treatment program.

The defendant is currently serving sentences under two separate indictments. In this case – 5:01-38 – the defendant is serving a sentence for possessing a firearm while an unlawful user of or addicted to any controlled substance in violation of 18 U.S.C. §922(g)(3); possessing an unregistered machine gun in violation of 26 U.S.C. § 5861(d); and possessing oxycodone with the intent to distribute it in violation of 18 U.S.C. § 841(a)(1). The Court sentenced the defendant to 120 months on each of the firearms charges and 121 months on the drug charge, to be served concurrently. (5:01-38, DE 121, Judgment.)

In the second case – 5:06-199 – the defendant is serving a sentence for using and carrying a firearm during and in relation to a drug trafficking crime. The Court sentenced the defendant to 215 months to be served consecutively to the sentence imposed in the first case, for a total prison term of 336 months. (5:06-199, DE 24, Judgment.) According to the Bureau of Prisons (BOP) website, Stewart's release date is July 27, 2024.

In his current motion, Stewart asserts that, while in prison, he completed RDAP. "After an inmate completes RDAP, the BOP has discretion to reduce what remains of his sentence by as much as one year." *Scott v. FCI Fairton*, 407 F. App'x 612, 615 (3d Cir. 2011) (citing 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.55.) But, even if a prisoner successfully completes the program "to perfection, the statute 'still affords the Bureau complete discretion to require Petitioner to serve his full sentence.'" *Kmet v. Sec'y of D.H.S.*, No. CV 19-19307 (RBK), 2020 WL 1685610, at *2 (D.N.J. Apr. 7, 2020) (quoting *Beckley v. Miner*, 125 F. App'x 385, 388 (3d Cir. 2005)).

Further, Stewart cannot assert a habeas claim based only upon the BOP's failure to reduce his sentence after completing the RDAP because he has no liberty interest in the RDAP reduction. This is because, under §3621(e), the statute providing for the reduction, "the determination of whether to release a particular inmate is within the discretion of the BOP and does not speak in mandatory terms." *Kmet*, 2020 WL 1685610, at *3. *See also Lopez v. Davis*, 531 U.S. 230, 241 (2001) (stating that, after a prisoner successfully completes RDAP, the BOP "has the authority, but not the duty. . . to reduce [the] term of imprisonment" under 18 U.S.C. § 3621(e)(2)(B)); *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) ("[A]ny substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court.") Accordingly, while the Court commends Stewart for successfully completing RDAP, this Court has no authority to order the BOP to grant him a one-year reduction of the sentence imposed.

For all these reasons, the Court hereby ORDERS that Stewart's motion (DE 132) to reduce his sentence is DENIED.

This 5th day of October, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY